UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO LORENZO LARA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondents. | No. 1:26-cv-08167-DJC-JDP<br><br><u>RELEASE ORDER</u><br>A# 222-615-496 |

Petitioner is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and order Petitioner's release on this same basis.[1] (ECF No. 5.) Respondents argue that Petitioner's release is mandatory under section 1226(a) until Petitioner requests a

[1] The Court initially cited cases concerning petitioners who had been contacted and released prior to their re-detention. Information now provided by Respondents clarifies that the cited cases concerning not previously contacted individuals are more applicable.

bond hearing from an Immigration Judge. But the lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release. Respondents assert that "[Petitioner] has developed significant criminal history since his entry." (ECF No. 6 at 1.) But the records provided by Petitioner show only a 2005 arrest for possession and use of a controlled substance and a later connected bench warrant. (ECF No. 6-1 at 13.) This limited criminal history from over 2 decades prior to Petitioner's present detention does not alter the Court's analysis.

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Mauricio Lorenzo Lara from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days confirming Petitioner's release.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

////

////

////

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **October 19, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE